IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID B. FREDERICK | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 6:13-cv-971 |
| | ) | |
| VS. | ) | JURY DEMANDED |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes Now Plaintiff, David B. Frederick (Plaintiff or Frederick), who files this Original Complaint, complaining of Union Pacific Railroad Company and as grounds therefore, would respectfully show as follows:

### JURISDICTION AND VENUE

1. Plaintiff's claims arise under the Federal Employers Liability Act FELA and the Texas common law.

2. Venue is proper in this District because Union Pacific does business here. Plaintiff resides in this District. Rail 1 LLC employed Plaintiff and its principal place of business is within this District. The substantial majority of medical treatment occurred in this District. There are relevant books and records and other persons with knowledge in this District.

### PARTIES

3. Frederick is a railroad worker and resides in Palestine, Texas.

4. Union Pacific is a corporation engaged in the business of operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States. Union Pacific is subject to service of process and to the jurisdiction of this Court as it does business here.

## CAUSES OF ACTION

5. Plaintiff was employed by Rail 1 and was also a servant of Union Pacific. Refer to ¶¶ 16 to 27, *infra*, which are incorporated into this paragraph.

6. His job was to help repair and modify railroad bridges.

7. Repairing and modifying bridges is an essential function of railroads and is regulated by the Federal Railroad Administration. *See, e.g.*, 49 C.F.R. § 237.133.

8. On or about June 24, 2013, Plaintiff and his coworker were working at a bridge site in Prescott, Arkansas.

9. The Union Pacific supervisor who was purportedly overseeing the job told them that they had to quickly complete the job.

10. Ordinarily, they would tie off and walk behind a truck going to the worksite on the bridge.

11. On the day of the accident, at the direction of the Union Pacific supervisor, they drove out onto the bridge, exited the vehicle, and soon after fell from the bridge in the process of tying off.

12. At that time, there was no Union Pacific representative immediately overseeing the work being performed, although he should have been.

13. The railroad bridge on which Plaintiff was working had no guard rails, walkways, or a safe means to exit from a vehicle and tie off.

## NEGLIGENCE PER SE AGAINST UNION PACIFIC

14. At the time and place alleged, Union Pacific was negligent for failing to have a supervisor immediately supervising the work, although he was at the job site, for instructing Plaintiff and his co-worker to quickly finish the work, and for the reasons stated in the following paragraphs. 49 C.F.R. § 237.133 & 237.55.

## COMMON LAW NEGLIGENCE AGAINST UNION PACIFIC

15. Union Pacific is negligent for:

    a. Failing to adequately supervise the work;

    b. Failing to have guard rails or other barriers on the bridge to limit the ability for people to fall;

    c. Failing to provide a safe place to work;

    d. Rushing the job;

    e. Failing to properly plan the job;

    f. Failing to have a walkway on the bridge.

## ALTERNATIVELY, FELA NEGLIGENCE CLAIM AGAINST UNION PACIFIC

16. Plaintiff alternatively contends that he was a dual servant of Union Pacific and Rail 1 LLC and alternative to that allegation, solely a borrowed servant of Union Pacific.

17. For this bridge work and all other bridge work in which Plaintiff worked, Union Pacific employed a railroad bridge supervisor who, according to Union Pacific, was technically competent to supervise the modification and repair of the railroad bridges in conformance with common or particular specifications, plans and instructions applicable to the work to be performed.

18. For all bridge work being done by Rail 1 and Union Pacific, the work was performed under the immediate supervision of a railroad bridge supervisor (albeit negligently at the time of the accident), who was authorized by Union Pacific to supervise all work to be performed.

19. On this job and the other jobs for Union Pacific, Plaintiff performed work in the affairs of Union Pacific and with respect to the physical conduct in the performance of the work, Plaintiff was subject to Union Pacific's control or right to control

20. It controlled the means and manner of the Plaintiff's performance.

21. Plaintiff was required to follow Union Pacific's safety rules.

22. Plaintiff attended Union Pacific safety meetings.

23. Union Pacific – through its employees and supervisors -- could tell Rail 1 employees to stop doing something if something was being done unsafely.

24. For the bridge work, Union Pacific provided some of the equipment and tools.

25. For many bridge jobs, Plaintiff worked along side other Union Pacific employees and took direction from Union Pacific supervisors.

26. Union Pacific told Rail 1 employees what work it wanted done.

27. Plaintiff received specific instruction and direction from Union Pacific supervisors.

28. Union Pacific was negligent for:

    a. Failing to adequately supervise the work;

    b. Failing to have guard rails or other things limiting the ability for people to fall;

    c. Failing to provide a safe place to work;

    d. Rushing the job;

4

    e. Failing to properly plan the job;

    f. Failing to have a walkway on the bridge.

## DAMAGES

29. As a result of the negligence and/or negligence per se of Union Pacific, Plaintiff has been severely and permanently damaged. Accordingly, Plaintiff is entitled to recover against Union Pacific for all damages under the law. Specifically, Plaintiff seeks recovery for the following elements of damages sustained in the past and that, in reasonable probability, he will suffer into the future:

    (a) Reasonable and necessary medical and related expenses;

    (b) Loss of wages and loss of earning capacity;

    (c) Physical pain and suffering;

    (d) Mental anguish;

    (e) Physical impairment;

    (f) Physical disfigurement;

    (g) Household services.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Union Pacific be cited to appear and answer herein, and that, on final trial, Plaintiff have:

1. Judgment against Defendants for actual damages;

2. Pre-judgment interest;

3. Post-judgment interest;

4. Costs of court; and

5. Any and all such other relief, be it general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

        Respectfully submitted,

        GORDON, ELIAS & SEELY, L.L.P.

By: *Jeff Seely*
Jeff Seely
SBN 24033172
Federal Id: 30081
Todd Elias
SBN 00787427
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999 Telephone
(713) 668-1980 Facsimile
jseely@geslawfirm.com

**Lead Counsel for Plaintiff**

Jim Parsons
SBN: 00000065
Law Offices of Jim Parson
1007 N. Mallard
Palestine, Texas 75801
(903) 723-0580 – Telephone
(903) 723-0580 – Facsimile
jparsons@jimparsons-law.com

**Of Counsel for Plaintiff**